UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELLY WATTS,<br><br>          Plaintiff,<br><br>     v.<br><br>SUSAN C. HARLAN, et al.,<br><br>          Defendants. | No.  2:14-cv-00914 DAD P<br><br>ORDER AND<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

   Plaintiff Telly Watts is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Having completed its screening of plaintiff's complaint, the court will order that plaintiff be permitted to proceed in forma pauperis and recommend dismissal of this action with prejudice, for the reasons set forth below.

I. <u>Request to proceed in forma pauperis</u>

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Requirement

    A. Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Allegations

In his complaint, plaintiff identifies as defendants Judge Susan C. Harlan of the Amador County Superior Court, the Amador County District Attorney's Office, and the Amador County Sheriff's Department. (ECF No. 1 at 1, 2.) Plaintiff alleges that he is entitled to the return of property seized at the time of his arrest. (Id. at 3.) On November 20, 2013, plaintiff sought redress by filing a document entitled "Ex Parte Application to Place Matter on Calendar (for hearing on a Motion for Return of Property)" with the Amador County Superior Court. (Id. at 3, 5.) Plaintiff has attached as an exhibit to his complaint in this action an order issued by Judge Harlan on December 3, 2013 denying this ex parte application. (Id. at 5-7.) That order provides in pertinent part: "Defendant has failed to present any authority for the scheduling of a hearing on a motion for the return of property seized by law enforcement authorities at the time of his arrest as evidence of criminal activity." (Id. at 7.) Plaintiff contends in his complaint that, "By denying the motion, [Judge Harlan] deprived the plaintiff of his due process of law constitutional rights [sic]." (Id. at 3.) Plaintiff seeks an order directing defendants Amador County District Attorney's Office and/or the Amador County Sheriff's Department to return his property.[1]

C. Analysis

Plaintiff cannot proceed on his civil rights complaint pending before this court because § 1983 does not encompass claims against state actors for deprivations of property where state law provides an adequate means of redress. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 534-35 (1984). The Ninth Circuit has applied Palmer to find that "California law provides an adequate post-deprivation remedy for any

---

[1] If plaintiff had sought damages, defendants Judge Harlan and the Amador County District Attorney's Office would undoubtedly be entitled to judicial and prosecutorial immunity, respectively. However, as plaintiff only seeks injunctive relief herein, neither doctrine comes into play.

3

1  property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

2  One such remedy permits individuals convicted of crimes to seek return of their lawfully-
3  owned property that is currently in the possession of law enforcement authorities.  "A criminal
4  defendant may bring a nonstatutory motion for return of property seized by warrant or incident to
5  arrest, which was not introduced into evidence but remained in possession of the seizing officer."
6  People v. Hopkins, 171 Cal. App. 4th 305, 308 (2009) (citing People v. Lamonte, 53 Cal. App.
7  4th 544, 549 (1997)).  See also Gershenhorn v. Superior Court, 227 Cal. App. 2d 361, 365 (1964)
8  ("'[O]ne whose property is illegally seized may desire not only to prevent its use against him in a
9  criminal case, but also to procure its return.  In that case, he may . . . move for its return . . . .'")
10 (quoting People v. Gershenhorn, 225 Cal. App. 2d 122, 125 (1964)).

11 While California law prohibits return of "property of any kind or character whatsoever the
12 possession of which is prohibited by law and that was used by a defendant in the commission of
13 the crime of which the defendant was committed[,]" California Penal Code § 1417.6, California
14 courts have interpreted this provision to hold that "[b]ecause the requirement is conjunctive . . .
15 [t]he court may not refuse to return legal property to a convicted person . . . ." People v.
16 Lamonte, 53 Cal. App. 4th at 553.  In such instances, unless the property is contraband or
17 otherwise subject to forfeiture, "[c]ontinued official retention of legal property with no further
18 criminal action pending violates the owner's due process rights." Id. at 549.  See also Porno, Inc.
19 v. Municipal Court, 33 Cal. App. 3d 122, 126 (1973) ("Although the projectors may have been
20 used in the commission of a misdemeanor, they were designed for and capable of use for lawful
21 purposes. [. . .]  The seizure of the projectors was unlawful and unconstitutional.").  In sum, the
22 availability of a state law procedure for the return of plaintiff's property here precludes his
23 bringing of this civil rights action seeking the return of his property.

24 Plaintiff may nonetheless contend that Judge Harlan's ruling incorrectly deprived him of
25 the return of his property.  If this were the case, plaintiff's proper remedy lay with the state
26 appellate courts, not with the federal court.  The order attached to plaintiff's complaint indicates
27 that defendant Judge Harlan indirectly denied plaintiff's motion for return of his property by
28 declining to schedule a hearing on his motion.  (See ECF No. 1 at 7.)  In so doing, it appears

4

1 Judge Harlan applied the state law described above, in writing:

> Defendant asserts that he is entitled to a hearing on the issue of whether the property seized from him by law enforcement authorities at the time of his arrest, as evidence of criminal activity, should be returned to him pursuant to Penal Code sections 1409-1411, 1417.5, 1417.6, 1538.5, and 1540, and Evidence Code section 637, or alternatively pursuant to a non-statutory motion as established by *Gershenhorn v. Superior Court, Los Angeles* (1964) 227 Cal. App. 2d 361.

(ECF No. 1 at 5.)  If plaintiff wished to contest this order, he ought to have appealed it to the California Court of Appeal.  Under California law, if a convicted individual believes that a state trial court has erred in denying his nonstatutory motion for return of property, "[t]he proper avenue of redress is through a petition for writ of mandate" to the California Court of Appeals. Hopkins, 171 Cal. App. 4th at 308 (citing People v. Gershenhorn, 225 Cal. App. 2d at 126). Plaintiff cannot secure federal jurisdiction over his complaint merely by alleging that a Judge of the Amador County Superior Court deprived him of due process in issuing the order attached to his complaint.

Under these circumstances – (i) where California law provides a procedural mechanism for plaintiff to seek return of property seized by state authorities, and (ii) in which a California state court has issued an order that, first, addresses plaintiff's motion to obtain return of that property, and, second, must be appealed to the state appellate court – there appears to be no set of facts under which plaintiff can state a cognizable Fourteenth Amendment Due Process claim against the named defendants.[2]  When a § 1983 claim is "clearly defective in a manner not

---

[2] Plaintiff provides no details in the allegations of his complaint regarding the circumstances of the alleged seizure of his property, his arrest, or the evidentiary uses (if any) to which the seized property was (or is being) put during the criminal proceedings against him.  As noted above, plaintiff seeks only injunctive relief against defendants, in the form of the return of his property. If plaintiff intended to sue the Amador County Sheriff's Department for damages based upon an alleged unlawful seizure of his property in violation of the Fourth Amendment, he may so indicate in any objections he elects to file to these findings and recommendations.  Plaintiff is cautioned, however, that if the seized property was introduced as evidence in state court criminal proceedings which resulted in his conviction, "in order to recover compensatory damages . . . plaintiff must prove not only that the [seizure] was unlawful, but that it caused him actual, compensable injury, which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Heck v. Humphrey, 512 U.S. 477, 487 n. 7 (1994) (emphasis in original) (internal citation omitted).

curable by amendment, the district court may dispose of it on the merits in the interest of judicial economy." Trimble v. City of Santa Rosa, 49 F.3d 584, 585 (9th Cir. 1995) (affirming dismissal of § 1983 Fourth Amendment claims based on failure to meet applicable statute of limitations). Accordingly, the court recommends that this action be dismissed with prejudice based on plaintiff's inability, as a matter of law, to state a claim upon which relief can be granted.

III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice based on plaintiff's inability to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
watt0914.dism